UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DARRYL LAWRENCE LAHON,

          Petitioner,

V.

DALE ARTUS,

          Respondent.

**REPORT AND RECOMMENDATION**

06-CV-585
(LEK /VEB)

## I. INTRODUCTION

Petitioner Darryl Lawrence Lahon, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is an inmate at the Clinton Correctional Facility. In 2003, he pled guilty in a New York State court to Arson in the Second Degree. In his Petition, Petitioner asserted that his conviction was imposed in violation of his constitutional rights and requested that the conviction be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 9).

## II. BACKGROUND

### A.    Facts

Petitioner operated a grocery store located in Albany, New York. During the early morning of July 20, 2002, Petitioner started a fire in the store, causing damage to the store. Petitioner thereafter signed a statement admitting that he started the fire. Petitioner stated

that he left the store at approximately 1:45am and went to a local bar, where he consumed alcoholic beverages. Later, he returned to the store and while drinking a beer and smoking a cigarette in a back room of the store, decided to light a newspaper on fire. As the room became smokey, Petitioner stated that he realized he was drunk and poured water over the fire and left the store. Only later, when he heard fire engine sirens and saw smoke coming from the store, did he realize that he had not extinguished the fire. (R at 6-7).[1]

After Petitioner stated to police that he was responsible for the fire, he was charged by Superior Court Information with Second Degree Arson and First Degree Reckless Endangerment. Thereafter, Petitioner plead guilty to second degree arson in satisfaction of the Superior Court Information. (P[2] at 2-4, 13).

### B. Federal Habeas Corpus Proceedings

Petitioner, proceeding *pro se*, commenced this action on May 12, 2006, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1). On June 29, 2006, Petitioner submitted an amended petition in accordance with the Court's order that he do so. (Docket Nos. 2,3). In his Amended Petition, Petitioner asserted that (1) his guilty plea was unknowing and involuntary, and (2) he received ineffective assistance of counsel. (Docket No. 3).

On July 23, 2008, Petitioner filed a letter requesting that his habeas corpus petition be withdrawn. In support of the request, Petitioner states that he has been attending

---

[1] References preceded by "R" are to the pages of Petitioner's record on direct appeal.

[2] References preceded by "P" are to the transcript pages of Petitioner's plea proceedings.

Alcoholics Anonymous and in order to successfully complete that program, he must "take responsibility and try to make amends for [his] crime." (Docket No. 10). Petitioner also "deeply apologizes for commiting [sic] [the] crime." (Id.).

This Court will construe Petitioner's *pro se* letter as a motion to discontinue this action pursuant to Rule 41 (a)(2). This Court is not aware of any issues regarding Petitioner's competency or any other issues that might arguably affect his ability to make a knowing and voluntary decision to discontinue this proceeding. Moreover, Petitioner's letter request demonstrates that he has given thoughtful consideration to the decision and is aware of the consequences of the same. This Court is accordingly satisfied that Petitioner's decision is both fully informed and voluntary and therefore recommends that the motion be granted.

### III. CONCLUSION

For the reasons stated above, the Court recommends Darryl Lawrence Lahon's motion to discontinue his habeas petition pursuant to Rule 41 (a) of the Federal Rules of Civil Procedure be granted.

Respectfully submitted,

_____
Victor E. Bianchini
United States Magistrate Judge

DATED:    July 24, 2008

           Syracuse, New York

**V. ORDERS**

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

July 24, 2008

_____
Victor E. Bianchini
United States Magistrate Judge